## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>229 Main Street, Brownfield, ME 04010 |
| **John Haley** | Mortgage:<br>October 10, 2007<br>Book 539, Page 921<br>Oxford County Registry of Deeds |
| **Defendant** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, John Haley, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, in which the Defendant, John Haley, is the obligor and the total amount owed under the terms of the Note is One Hundred Sixty-Eight Thousand Five Hundred

Forty and 08/100 ($168,540.08) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Pursuant to Federal Statute the Plaintiff has the power "to sue and be sued, complain and defend, in any State, Federal, or other court" 12 U.S.C. § 1452(c)(7). Moreover, "all civil actions to which the Corporation [Plaintiff] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value;". *See also*, *Lightfoot, et al., v. Cendant Mortgage Corp.*, 580 U.S. 82, 137 S.Ct. 553, 196 L.Ed.2d 259 (2017).

4. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

5. Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2 is a Federally Chartered Corporation with its principal place of business located at 8200 Jones Branch Drive, McLean, VA 22102.

6. The Defendant, John Haley, is a resident of Brownfield, County of York and State of Maine.

## FACTS

7. On March 1, 2001, by virtue of a Warranty Deed from Glen E. Crowell and Diana M. Crowell as Trustees of the Glen E. Crowell Living Trust and Trustees of the Diana M. Crowell Living Trust, which is recorded in the Oxford County Registry of Deeds in **Book 415, Page 083**, the property situated at 229 Main Street, City/Town of Brownfield, County of Oxford, and State of Maine, was conveyed to John Haley and Janice Haley, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On September 19, 2003, by virtue of a Quit Claim Deed from John Haley and Janice Haley, which is recorded in the Oxford County Registry of Deeds in **Book 462, Page 458**, the property situated at 229 Main Street, City/Town of Brownfield, County of Oxford, and State of Maine, was conveyed to John Haley, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On October 10, 2007, Defendant, John Haley, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note under seal in the amount of $141,000.00 which has been endorsed in blank and is held by an agent of the Plaintiff. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on October 10, 2007, Defendant, John Haley, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 229 Main Street, Brownfield, ME 04010 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 539, Page 921**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated December 27, 2010, and recorded in the Oxford County Registry of Deeds in **Book 581, Page 512** (Arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated May 31, 2013, and recorded in the Oxford County Registry of Deeds in **Book 612, Page 139** (Arguably ineffective under *Greenleaf*). *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment from the original lender dated August 1, 2017, and recorded in the Oxford County Registry of Deeds in **Book 660**, **Page 221**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated June 25, 2019, and recorded in the Oxford County Registry of Deeds in **Book 682**, **Page 100**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated November 11, 2019, and recorded in the Oxford County Registry of Deeds in **Book 5494**, **Page 222**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2 by virtue of an Assignment of Mortgage dated August 30, 2023, and recorded in the Oxford County Registry of Deeds in **Book 5782**, **Page 847**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On May 9, 2024, the Defendant, John Haley, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the USPS tracking information (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, John Haley, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

19. The Defendant, John Haley, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. The total debt owed under the Note and Mortgage as of July 20, 2024, is One Hundred Sixty-Eight Thousand Five Hundred Forty and 08/100 ($168,540.08) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $160,962.66 |
| Interest | $3,835.37 |
| Unpaid Late Charges | $118.17 |
| Escrow/Impound Advance Balance | $1,341.68 |
| Loan Level Advance Balance | $2,282.20 |
| Grand Total | $168,540.08 |

24. Upon information and belief, the Defendant, John Haley, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 229 Main Street, Brownfield, County of Oxford, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, John Haley, is presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2024, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of July 20, 2024, is One Hundred Sixty-Eight Thousand Five Hundred Forty and 08/100 ($168,540.08) Dollars.

31. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, John Haley's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, John Haley, on May 9, 2024, evidenced by the USPS records. *See* Exhibit J.

34. The Defendant, John Haley, is not in the Military as evidenced by the attached Exhibit K.

35. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

36. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. On October 10, 2007, the Defendant, John Haley, executed under seal and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $141,000.00. *See* Exhibit B.

38. The Defendant, John Haley, is in default for failure to properly tender the February 1, 2024, payment and all subsequent payments. *See* Exhibit J.

39. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, John Haley.

40. The Defendant, John Haley, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

41. The Defendant, John Haley's, breach is knowing, willful, and continuing.

42. The Defendant, John Haley's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Note and Mortgage as of July 20, 2024, if no payments are made, is One Hundred Sixty-Eight Thousand Five Hundred Forty and 08/100 ($168,540.08) Dollars.

44. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

45. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

46. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendant, John Haley, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $141,000.00 to the Defendant. *See* Exhibit B.

48. As part of this contract and transaction, the Defendant, John Haley, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

49. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

50. The Defendant, John Haley, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2024, payment and all subsequent payments. *See* Exhibit J.

51. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, John Haley.

52. The Defendant, John Haley, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

53. The Defendant, John Haley, is indebted to Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2 in the sum of One Hundred Sixty-Eight Thousand Five Hundred Forty and 08/100 ($168,540.08) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, to the Defendant.

54. Defendant, John Haley's, breach is knowing, willful, and continuing.

55. Defendant, John Haley's, breach has caused Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of July 20, 2024, if no payments are made, is One Hundred Sixty-Eight Thousand Five Hundred Forty and 08/100 ($168,540.08) Dollars.

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

58. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

59. The Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, loaned the Defendant, John Haley, $141,000.00. *See* Exhibit B.

61. The Defendant, John Haley, has failed to repay the loan obligation.

62. As a result, the Defendant, John Haley, has been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2 as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is entitled to relief.

64. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, upon the expiration of the period of redemption;

d) Find that the Defendant, John Haley, is in breach of the Note by failing to make payment due as of February 1, 2024, and all subsequent payments;

e) Find that the Defendant, John Haley, is in breach of the Mortgage by failing to make payment due as of February 1, 2024, and all subsequent payments;

f) Find that the Defendant, John Haley, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, John Haley, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2024 and all subsequent payments;

h) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, John Haley has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, to restitution;

k) Find that the Defendant, John Haley, is liable to the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, for money had and received;

l) Find that the Defendant, John Haley, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, John Haley, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, is entitled to restitution for this benefit from the Defendant, John Haley;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, John Haley, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2021-2, in the amount of One Hundred Sixty-Eight Thousand Five Hundred Forty and 08/100 ($168,540.08 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal Home Loan Mortgage Corporation, as
Trustee for the benefit of the Freddie Mac Seasoned
Credit Risk Transfer Trust, Series 2021-2,
By its attorneys,

Dated: August 9, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com